UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LISA O., individually and as guardian of H. H., a minor,<br><br>Plaintiff,<br><br>v.<br><br>BLUE CROSS OF IDAHO HEALTH SERVICE INC., and HEALTHWISE, INC.,<br><br>Defendants. | Case No. 1:12-CV-00285-EJL-LMB<br><br>**ORDER ON REPORT AND RECOMMENDATION** |

On October 15, 2013, United States Magistrate Larry M. Boyle issued a Report and Recommendation ("Report"), recommending that Defendant's Motion for Summary Judgement be granted. (Dkt. 52.) Any party may challenge the Magistrate Judge's proposed recommendation by filing written objections within fourteen days after being served with a copy of the Report. 28 U.S.C. § 636(b)(1)(C). The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The district court may accept, reject, or modify in whole or in part, the findings and recommendations made by the Magistrate Judge. *Id.*; *see also* Fed. R. Civ. P. 72(b).

**ORDER ON REPORT AND RECOMMENDATION- 1**

Plaintiffs, Lisa O. and H.H., filed objections to the Report arguing it erred in finding that Lisa O. does not have standing to bring her claims, misconstrued the language of the release, improperly enforced contract language in violation of ERISA, and the resulting decision improperly deters ERISA participants from bringing claims. (Dkt. 55.) The Defendant, Healthwise, Inc., also filed objections to the Report requesting certain corrections or clarifications. (Dkt. 53.) Both sides have responded to the others' objections. (Dkt. 58, 59.) The Court has considered the parties' contentions and conducted a *de novo* review of the record and, upon that basis, finds as follows.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* Where, however, no objections are filed the district court need not conduct a *de novo* review. To the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation). "When no timely objection is filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir.1974)).

In this case, both parties have filed objections and, therefore, the Court has conducted

a *de novo* review of those portions of the Report. The Court has also reviewed the entire Report as well as the record in this matter for clear error on the face of the record and finds as follows.

## DISCUSSION

1. **Plaintiffs' Objections**

    A. **Standing**

The Report concludes Lisa O. does not personally have independent standing under § 1132(a)(1)(B) to claim benefits are directly due to her under the terms of the group medical insurance plan (the Plan) or to enforce her own rights to benefits. (Dkt. 52 at 7.) Instead, the Report finds, Lisa O. has only a subrogation right to her daughter's, H.H., claim for benefits. Lisa O. objects to this conclusion maintaining that she has standing to bring her claim both individually and as the representative or guardian of H.H. because she paid the expenses for H.H.'s medical treatments which are the subject of the claim. (Dkt. 55 at 6-7.)[1] Healthwise counters that the Report correctly concluded that Lisa O. does not have standing. (Dkt. 59.)

---

[1] Lisa O.'s first objection to the Report argues as H.H.'s guardian, under Idaho law, she is required to pay for medical treatment provided to her minor child. (Dkt. 55 at 7-8.) Therefore, Lisa O. asserts, she has an cause of action independent of any claim she may assert as H.H.'s representative, subrogate, or guardian. Healthwise counters that this new argument was not raised to the Magistrate Judge and is otherwise without merit. (Dkt. 59 at 3-4.) Plaintiff did not raise this argument previously in her response to the Motion for Summary Judgment. (Dkt. 41.) A district court has the discretion not to consider arguments or evidence "presented for the first time in a party's objection to a magistrate judge's recommendation." *United States v. Howell*, 231 F.3d 615, 621 (9th Cir.2000). The Court declines to exercise its discretion to consider arguments that could have been included in the Plaintiffs' response to the Motion for Summary Judgment. *Id.* ("The magistrate judge system was designed to alleviate the workload of district courts. To require a district court to consider evidence not previously presented to the magistrate judge would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court.").

**ORDER ON REPORT AND RECOMMENDATION- 3**

ERISA requires both statutory standing and constitutional standing. As to statutory standing, to state a viable claim for relief under ERISA, "a plaintiff must fall within one of ERISA's nine specific civil enforcement provisions, each of which details who may bring suit and what remedies are available." *Paulsen v. CNF Inc.*, 559 F.3d 1061, 1072 (9th Cir. 2009). Only three of these provisions authorize private civil enforcement actions. Under § 1132(a)(1)(B), a health benefit plan participant or beneficiary may sue "to recover benefits due to him [or her] under the terms of the plan, to enforce his [or her] rights under the terms of the plan, or to clarify his [or her] rights to future benefits under the terms of the plan." 29 U.S.C.A. § 1132(a)(1)(B).[2]

Standing to bring a civil action under § 1132(a)(1)(B) against an ERISA plan is available only to those parties listed in § 1132(a), namely: a plan "participant," "beneficiary," or "fiduciary," or by the Secretary of Labor. A "participant," is defined as an "employee or former employee of an employer, or any member or former member of an employee organization." 29 U.S.C.A. § 1002(7) (1999). A "beneficiary" is "a person designated by a participant or by the terms of an employment benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C.A. § 1002(8) (1999). Section 1132(a) also authorizes a plan participant to bring an action for breach of fiduciary duties, to enjoin violations of ERISA or the plan, or to obtain other equitable relief. 29 U.S.C. § 1132(a)(2) & (3); *see also*

---

[2] The ERISA provision, 29 U.S.C. § 1132(a)(1), provides:
A civil action may be brought–
(1) by a participant or beneficiary – (A) for the relief provided for in subsection (c) of this section, or (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;....

**ORDER ON REPORT AND RECOMMENDATION- 4**

*Paulsen*, 559 F.3d at 1084.

Lisa O. argues that as the Plan participant she has a legal right to bring this action directly under ERISA § 1132(a)(1)(B). (Dkt. 55.) Healthwise counters that the Report correctly concluded that Lisa O. can only assert a derivative ERISA claim here as a subrogee of H.H. based on the reasoning in *Wills v. Regence Bluecross Blueshield of Utah*, 2008 WL 4693581, *9 (D. Utah 2008). (Dkt. 59 at 6.)

This Court finds that under § 1132(a), Lisa O. has statutory standing under ERISA to sue directly as the Plan participant for recovery of benefits due under the Plan, to enforce her rights under the terms of the Plan, or to clarify rights to future benefits. 29 U.S.C. § 1132(a)(1)(B). The ERISA claim raised in this case is made pursuant to § 1132(a)(1)(B) for recovery of the money paid by Lisa O. as the Plan participant on behalf of the Plan beneficiary, H.H., during the time period the Plan was in effect. (Dkt. 18.) "Participants are among those parties expressly entitled to bring suit under ERISA." *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 696, 974 (9th Cir. 2012). It is undisputed that Lisa O. is the Plan participant in this case. Accordingly, Lisa O. has established statutory standing.

In reaching the contrary conclusion, the Report relied on *Wills*, a factually similar case cited by both parties. (Dkt. 52.) In that case, the Utah District Court concluded that the health care plan participant, the parent of an adult beneficiary who had received residential mental health treatment under a plan, had plead a plausible claim for reimbursement under § 1132(a)(1)(B) for out-of-pocket residential mental health care expenses incurred by his beneficiary daughter and paid for by the plan participant in the first instance. *Wills*, 2008 WL

**ORDER ON REPORT AND RECOMMENDATION- 5**

4693581, at *9. The *Wills* court stated that the plan participant-parent may be subrogated to his or her child's claim for reimbursement as a plan beneficiary who had suffered an injury in fact. *Id.*[3] Relying on *Wills*, the Report concluded that Lisa O. does not have independent standing to bring the claim and, instead, has standing only as a subrogee of H.H.'s claim. (Dkt. 52 at 7.) This Court disagrees with the Report's conclusion and analysis.

In discussing the standing issue, the *Wills'* court first concluded that the plan participant and plan beneficiary both had statutory standing under § 1132(a). *Wills*, 2008 WL 4693581, at *7. As noted above, this Court too finds that Lisa O. has statutory standing under § 1132(a) as she is the Plan participant. Lisa O.'s claim here seeks reimbursement under § 1132(a) of ERISA for her out-of-pocket medical expenses she paid for as the Plan participant on behalf of the Plan beneficiary, her minor daughter H.H., during the time the Plan was in effect. The Plan has denied Lisa O.'s claims for reimbursement. Under the plain language of § 1132(a)(1)(B), Lisa O. has statutory standing as the Plan participant to bring a direct claim for reimbursement under ERISA. *See* 29 U.S.C. § 1002(7), § 1132(a)(1)(B).

---

[3] Subrogation is the "substitution of one party for another whose debt the party pays, entitling the paying party to rights, remedies, or securities that would otherwise belong to the debtor." *Black's Law Dictionary*, 1563-64 (9th ed. 2009).

**ORDER ON REPORT AND RECOMMENDATION- 6**

The more lengthy discussion concerning standing in *Wills*, including the subrogation language which the Report and Healthwise rely upon, concerned whether the plaintiffs had Article III standing and had shown an injury-in-fact. *Wills*, 2008 WL 4693581, at *8-9. The Report here, however, did not address the Article III standing question. In that respect, this Court's analysis differs from that of the Report's. Having determined above that Lisa O. has statutory standing under § 1132(a), the Court will consider next whether Lisa O. has Article III standing.

As to the constitutional standing requirement, a plaintiff bringing an ERISA claim must have standing pursuant to Article III of the United States Constitution. *Paulsen et al. v. CNF, Inc., et al.*, 559 F.3d 1061, 1072 (9th Cir. 2009); *see also Wills*, 2008 WL 4693581, at *7-8. Constitutional standing exists where the plaintiff has "suffered, or [is] threatened with ... an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Raich v. Gonzales*, 500 F.3d 850, 857 (9th Cir. 2007). Stated somewhat differently, to have standing under Article III, a plaintiff must demonstrate that (1) he or she has suffered an actual or threatened injury in fact; (2) the injury is causally connected to the conduct complained of; and (3) it is likely, and not merely speculative, that his injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

An injury-in-fact for purposes of Article III standing must be "(1) concrete and particularized, and (2) actual or imminent, not conjectural or hypothetical." *Raich*, 500 F.3d at 857. The injury-in-fact must be actual or threatened, and not merely speculative. *Lujan*,

504 U.S. at 560. A plaintiff's injury is redressable where there is "a 'substantial likelihood' that the requested relief will remedy the alleged injury." *Vermont Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 771 (2000) (citation omitted).

The Court finds that Lisa O. has established Article III standing. It is undisputed that Lisa O. is the Plan participant. The claim alleges Lisa O. paid out a significant amount of money for medical expenses incurred by H.H. that she claims should be covered by the Plan. Lisa O. has been denied coverage under the Plan for these expenses and, as a result, suffered damages. As such, Lisa O. has established an injury-in-fact that is likely to be redressed if she prevails in this action.

Based on the foregoing, the Court finds that Lisa O. has demonstrated both statutory and constitutional standing to bring her own direct ERISA claim. The Court will now consider whether the Separation Agreement or General Release precludes the ERISA claim as a matter of law.

**B.     Application of the Written General Release**

The Report determined that because the ERISA claim is brought on behalf of H.H., the last provision of the General Release applies preventing Lisa O. from assisting another, namely H.H., to bring the claim. (Dkt. 52 at 8-9.) Lisa O.'s primary objection argues she has standing to bring the claim directly and that the "vested rights" language in the General Release preserves her individual claim from being barred by the terms of the General

Release. (Dkt. 55 at 9.)[4] In response, Healthwise argues the Report correctly concluded that the last paragraph in the General Release prohibits Lisa O. from aiding, assisting, or cooperating with other claimants bringing suit against Healthwise. (Dkt. 59 at 7.)

The relevant portion of the General Release states:

> In consideration of the payments, benefits and promises contained in the Separation Agreement...between myself and Healthwise, Incorporated and to the fullest extent permitted under applicable law, I, Lisa O...hereby forever release, discharge and promise not to sue Healthwise and its... "Releasees"...whether known or unknown to me as of December 30, 2011...with respect to any and all claims, liabilities, obligations, debts, damages, demands, losses, judgments, costs and expenses of any kind arising out of or in connection with my employment, compensation, or my separation from employment with Healthwise...that existed or may have existed as of December 30, 2011...including without limitation any Claim under...[ERISA]. This General Release of Claims, however, does not affect any vested rights I might have for benefits under any group medical insurance, disability, workers' compensation, unemployment compensation, or retirement program.
>
> Additionally, as part of this General Release of Claims, I agree, to the extent permitted by applicable law, that I will not voluntarily aid, assist or cooperate with any (I) claimants against Healthwise and/or the Releases or (ii) employees (former or current) of Healthwise and the Releases in bringing or pursuing any claims or lawsuits or other proceedings against Healthwise and/or Releases.

(Dkt. 39-4, Ex. A.) Having reviewed the above language from the General Release, the Court finds that Lisa O. did not waive any "vested rights" she may have to bring a direct claim for benefits under the Plan. (Dkt. 39-4, Ex. A.)[5] Lisa O. has standing to bring the ERISA claim

---

[4] Lisa O.'s objections also argue that the General Release is ambiguous. Again, this is a new argument not previously raised to the Magistrate Judge that the Court declines to addressed. *See Howell*, 231 F.3d at 622. Furthermore, the Court need not address Lisa O.'s other objections alleging violations of ERISA in light of the Court's ruling stated herein.

[5] The Report too acknowledged that the General Release preserved Lisa O.'s vested rights, stating:
> While the release generally bars Plaintiff from pursuing any personal claims against Healthwise, the release agreement specifically carves out an

**ORDER ON REPORT AND RECOMMENDATION- 9**

directly on her own behalf. Lisa O.'s claim is limited, however, to only those "vested rights" she had under the terms of the General Release and Separation Agreement. At this stage, it appears Lisa O.'s ERISA claim seeks reimbursement only for medical expenses she incurred as the result of medical treatments provided to H.H. prior to her termination from Healthwise and the Plan's expiration date. (Dkt. 18.) To the extent this claim is "vested," it is not barred by the General Release. Whether or not Lisa O.'s claim is "vested," however, is not decided in this Order.[6]

Furthermore, the Court finds that the last provision of the General Release prohibits Lisa O. from aiding, assisting, or cooperating with any claimants against Heathwise and/or the Releases. (Dkt. 39-4, Ex. A.) To the extent Lisa O. is aiding, assisting, or cooperating with H.H.'s bringing of a claim against Healthwise and/or the Releases, it appears Lisa O. is in violation of the General Release. The General Release does not, however, waive or bar H.H. from bringing her own claims.

---

exception in that it "does not affect any vested right [Lisa O.] might have for benefits under any group medical insurance, disability, workers' compensation, unemployment compensation, or retirement plan."
(Dkt. 52 at 8.)

[6] In their briefing on the Motion for Summary Judgment the parties disagree as to what a "vested right" is under the terms of the General Release. Lisa O. argues that her ERISA claim here is vested because the medical treatment expenses were incurred by Lisa O. before the Plan terminated on December 31, 2011. (Dkt. 41 at 5-6.) Healthwise counters that the vested rights provision in the General Release protects against unilateral, retroactive changes in benefits not the bilateral agreement and promise to not sue. (Dkt. 45 at 7-8.) The Court does not determine in this Order whether the claim here is for a vested right as contemplated by the terms of the General Release because this issue was not sufficiently fleshed out in the parties' briefing or the Report, which were more focused on the question of standing.

**ORDER ON REPORT AND RECOMMENDATION- 10**

Based on the foregoing, the Court finds that the Separation Agreement and General Release does not, as a matter of law, preclude Lisa O.'s direct ERISA claim. Whether her claim ultimately prevails or is a "vested right" is not answered here. Accordingly, the Motion for Summary Judgment is denied.

## 2. Defendant Healthwise's Objections

In its objections, Healthwise has requested two corrections to the Report: 1) clarifying that Healthwise's counterclaims remain pending and 2) correcting that the dismissal is with prejudice. (Dkt. 53.) Plaintiffs have responded to these objections opposing the same. (Dkt. 58.) In light of the Court's rulings above denying the Motion for Summary Judgement, the Court finds these objections to be moot.

## 3. Conclusion

Based on the foregoing and being fully advised in the premises, the Court rejects the Report's conclusions and denies the Motion for Summary Judgment. The parties have already participated in mediation but were unable to resolve the matter. (Dkt. 64.) No trial date is currently set. The Court will direct that the parties in this action jointly notify the Court in writing as to how they intend to proceed in this matter no later than March 24, 2014.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Report and Recommendation entered on August 14, 2013 (Dkt. 52) is **REJECTED**.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgement (Dkt. 39) is **DENIED**. The parties shall jointly notify the Court in writing on or before **March 24, 2014** as to how they intent to proceed in this matter.

DATED:  **February 14, 2014**

~~Honor~~able Edward J. Lodge
U. S. District Judge